Gloria JACKSON, Sandra Gonzalez and Daisy Rangel, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Cornelius J. FOLEY, in his official capacity as President of New York State Higher Education Services Corporation, and the NEW YORK State Higher Education Services Corporation, Richard Riley, in his official capacity as Secretary of the United States Department of Education, and the United States Department of Education, Defendants.

No. 93 CV 1048(SJ).

United States District Court, E.D. New York.

July 7, 1994.

Brooklyn Legal Services Corp. B, John C. Gray, Jr., Jane Greengold Stevens, Brooklyn, for plaintiffs.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Daniel F. De Vita, Asst. U.S. Attorney, Brooklyn, NY, for Federal defendants.

G. Oliver Kopell, Atty. Gen. by Clement J. Colucci, Asst. Atty. Gen., New York City, for State defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

### INTRODUCTION

Before this Court is a motion for class certification pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. This is a class action brought under 42 U.S.C. § 1983. Plaintiffs Gloria Jackson, Sandra Gonzalez, and Daisy Rangel, on their own behalf and on behalf of all others, allege that Cornelius J. Foley, in his capacity as President of the New York State Higher Education Services Corporation ("HESC"), and HESC [hereinafter "State Defendants"] along with Richard Riley, in his official capacity as Secretary of the United States Department of Education ("USED"), and USED [hereinafter "Federal Defendants"] have violated the Higher Education Amendments of 1992, Pub.L. No. 102–325, § 420(4), 106 Stat. 448, 534, in the administration of the Renewed Eligibility for Financial Aid ("REFA") program in New York State.

Plaintiffs seek to represent a class consisting of all persons who have been or will be denied participation in the REFA program because judgments have been entered against them on defaulted loans [hereinafter "Judgment Class"]. Plaintiffs Sandra Gonzalez and Daisy Rangel seek to represent an overlapping class composed of all people who have been or will be denied participation in the REFA program based on their inability to make monthly payments that are more than reasonable and affordable amounts given their total financial circumstances [hereinafter "Payment Class"]. For reasons stated below, Plaintiffs' motion is granted.

### BACKGROUND

On July 23, 1992, Section 428F of the Higher Education Act was amended by Congress to enable students, who have taken out student loans under a federally insured loan program and later defaulted, to renew eligibility for all student financial aid after they have made six consecutive monthly payments on the defaulted loan in an amount that is reasonable and affordable based on the students' total financial circumstances.[1] The

---

1. The following new subsection was added:

   (b) SPECIAL RULE.—Each guaranty agency shall establish a program which allows a borrower with a defaulted loan or loans to renew eligibility for all Title IV student financial assistance (regardless of whether the defaulted loan has been sold to an eligible lender) upon the borrower's payment of 6 consecutive monthly payments. The guaranty agency shall not demand from a borrower as a monthly payment amount under this subsection more than is reasonable and affordable based upon the borrower's total financial circumstances. Higher Education Amend-

program created under this amendment is known as the Renewed Eligibility for Financial Aid or "REFA" program.

The Plaintiffs allege that the State Defendants have established a policy and practice whereby potential borrowers who have default judgments entered against them (yet fulfill REFA's requirements) remain ineligible for the REFA program. Plaintiffs also allege that the State Defendants have instituted a policy and practice of demanding payments from borrowers which are not reasonable and affordable based on the borrowers' total financial circumstances thereby causing them to be ineligible for the REFA program. Further, the Plaintiffs contend that as it is the Federal Defendants' duty to properly administer student financial aid programs under Title IV of the Higher Education Act, they are liable for allowing the State Defendants to administer the REFA program incorrectly. Compl. ¶ 55, 56.

Plaintiff Gloria Jackson is a single mother of four children who is supported by public assistance. She defaulted on a guaranteed student loan that she received while attending Sullivan County Community College from 1972 to 1974.

Ms. Jackson now wishes to enroll in the nursing program at Kingsboro Community College; however, she is unable to obtain financial aid because of her prior defaulted loan. When she requested enrollment in the REFA program, she was denied allegedly because there is a default judgment against her. Ms. Jackson has made five consecutive $50 payments in an effort to regain eligibility for financial aid under REFA so that she may attend school, become self-supporting, and pay back her loan. Compl. ¶ 31, 32.

Plaintiff Sandra Gonzalez is a mother of a thirteen year old and receives public assistance. She has defaulted on loans guaranteed by HESC from the late 1970s and early 1980s. In January 1990, HESC obtained a default judgment against Ms. Gonzalez.

While studying at Kingsboro Community College in the fall of 1991, Ms. Gonzalez was forced to withdraw because she was not eligible for financial aid due to her previous defaulted loan. HESC allegedly refused Ms. Gonzalez's plea to be considered for the REFA program because of the default judgment against her.

Ms. Gonzalez's attorney asked about vacating the judgment in order to make her eligible for the REFA program. HESC informed the attorney that even if the default judgment was vacated, Ms. Gonzalez would have to pay $95 per month in order to be eligible for the REFA program because the outstanding balance on her student loans is high. She cannot afford that amount. Ms. Gonzalez, though, wants to return to school so that she can ultimately repay her debt. Compl. ¶ 41.

Ms. Daisy Rangel is a mother of one and married to a man who is disabled. Their only income is her husband's Worker's Compensation and Supplemental Security Income benefits, both of which are exempt from legal process for the payment of debts. Compl. ¶ 43.

In 1983, Ms. Rangel enrolled in a word processing course at Robert Fiance Business Institute. The school promised to find her a job in the word processing field if she graduated. The Institute subsequently reneged on that promise. To finance this course, she obtained a guaranteed student loan, but due to her inability to find a job and her low income, she defaulted.

In 1989, HESC obtained a default judgment against Ms. Rangel. Pursuant to an agreement with HESC's attorneys, Ms. Rangel began making payments of about $20 per month toward the loan in 1989. Since 1989, she has been inconsistent with the payments due to financial hardships stemming from her husband's unemployment and disability. In August 1992, she recommenced paying $20 per month which is the most she is able to afford.

A short time ago, Ms. Rangel tried to enroll at Long Island University, but she was ineligible for financial aid because of her prior default. She contacted HESC regarding the REFA program. HESC allegedly informed her that she was ineligible for the

ments of 1992, Pub.L. No. 102–325, § 420(4), 106 Stat. 448, 534.

program because of the default judgment against her. Also, HESC allegedly told her that even if there was no default judgment against her, $20 per month, based on her outstanding balance, was not a sufficient monthly payment to make her eligible for the REFA program. Compl. ¶ 53.

This action was brought on March 3, 1993 alleging violations of the Higher Education Act Amendments of 1992. The Plaintiffs seek declaratory and injunctive relief.

Subsequent to the filing of this complaint, each of the Plaintiffs has been offered membership in the REFA program. Gloria Jackson's eligibility has been renewed and her monthly payment has been reduced to $5. Daisy Rangel's eligibility has also been renewed and she has been asked to pay $10 per month. In addition, Sandra Gonzalez was sent forms to renew her eligibility on May 24, 1993 but has not yet completed and returned them. None of the Plaintiffs have yet received Title IV financial assistance.

2. Both the judgment subclass (all persons who have been or will be denied participation in the REFA program because default judgments have been entered against them) and the payment subclass (all persons who have been or will be denied participation in the REFA program based on their inability to make monthly payments set by HESC which are not reasonable or affordable given their financial circumstances) will be discussed as one class throughout this opinion due to their similar composition and characteristics.

3. (a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

4. (b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
   (1) the prosecution of separate actions by or against individual members of the class would create a risk of
   (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

## DISCUSSION [2]

In order for a class to be certified, the requirements of Rule 23(a) [3] and (b) [4] of the Federal Rules of Civil Procedure must be met. The Federal Defendants argue that the proposed class does not meet any of the requirements of Rule 23(a).[5] Moreover, both the Federal and State Defendants contend that subsection (b)(2) is not satisfied. This Court disagrees.

### I. Numerosity

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." The Plaintiffs assert that the number of potential class members is in the hundreds and probably the thousands. Plaintiffs point to the fact that fifteen people have contacted the office of Plaintiffs' counsel with the same complaint as the subject of this litigation. In all probability, joinder of all members would be impracticable. Courts have found that "[p]laintiff[s] need not allege the exact number or identity of class mem-

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
   (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
   (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

5. The state defendants do not address the issue of whether the class satisfies the requirements of Rule 23(a). *See* Mem. of Law in Opp. to Class Certification of State Defs.

bers" and that a "good faith estimate should be sufficient when the number of class members is not readily ascertainable." *McCoy v. Ithaca Housing Auth.*, 559 F.Supp. 1351, 1355 (N.D.N.Y.1983) (quoting 1 Herbert B. Newberg, Class Actions § 1105h 178–79 (1977)).

■ The Federal Defendants argue that the Plaintiffs have not satisfied the numerosity requirement in this case. They contend that the Plaintiffs are merely speculating in asserting that the class is so numerous. Yet, "[i]t is permissible for the plaintiffs to rely on reasonable inferences drawn from the available facts." *McNeill v. New York City Housing Auth.*, 719 F.Supp. 233, 252 (S.D.N.Y.1989). The Plaintiffs' estimate of potential class members is reasonable based on the limited information available to them. Only the State Defendants know the exact number of borrowers who were denied participation in the REFA program due to a default judgment or inability to make the monthly payments set by HESC. Such an information monopoly will not stand in the way of persons seeking relief. *Id.* ("the lack of knowledge as to the exact number of affected persons is not a bar to maintaining a class action where the defendants alone have access to such data").

■ The requirement that joinder be impracticable depends not only on numbers, but on the totality of the circumstances of a case. *Robidoux v. Celani*, 987 F.2d 931, 936 (2d.Cir.1993). Other important considerations to be taken into account include "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersions of class members, financial resources of class members, the ability of claimants to institute individual suits and requests for prospective injunctive relief which would involve future class members." *Id.* It is likely that the majority of the class members are from extremely low income households, thereby greatly decreasing their ability to bring individual suits. Furthermore, many people may seek relief in the future. Taking these additional factors into consideration, this Court finds that the numerosity requirement is in fact satisfied.

## II. Commonality

Rule 23(a)(2) of the Federal Rules of Civil Procedure states that there must be "questions of law or fact common to the class" in order to maintain a class action suit. Commonality "does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrants class treatment." *Cutler v. Perales*, 128 F.R.D. 39, 44 (S.D.N.Y.1989).

■ The Federal Defendants contend that the facts of each individual class member's case will dominate the common questions. Because each class member has a different financial background that will have to be examined to determine eligibility for the REFA program, the Defendants believe that there is insufficient commonality. The Court finds this argument unconvincing.

The commonality requirement demands that common questions of fact or law predominate over individual ones. There are several common questions of law and fact in this case. It must be decided, first and foremost, whether the Defendants are administering the REFA program in violation of the Higher Education Amendments of 1992. Then, the general questions of whether borrowers are being denied eligibility because of default judgments and whether Defendants are setting monthly payment amounts in disproportion to borrowers' financial circumstances must be answered. The details of each case govern specific relief which can only be decided after the common questions of law and fact are addressed. The facts of each individual case do not have to be identical in order for there to be commonality. Thus, Rule 23(a)(2) is satisfied.

## III. Typicality

Rule 23(a)(3) declares that the "claims or defenses of the representative parties" have to be "typical of the claims or defenses of the class." In judging typicality, "[t]he proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by

the same course of conduct." *Dura–Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 99 (S.D.N.Y.1981).

■ The Defendants assert that the claims of the representatives are not typical of the other class members based on the facts of each case. According to the Defendants, the differences in required monthly payments between the representative parties and other class members will cause substantial adversity among class members. The Court disagrees with this assertion.

It should be understood throughout the class that each individual's monthly payment is calculated based on his or her total financial circumstances. The specific circumstances surrounding an individual's calculated monthly payments are unique and not to be compared with other class members; "[f]actual differences will not defeat class certification where the various claims arise from the same legal theory." *Id.*

Here, within the classes, the members would have the same injury—unjust denial of participation in the REFA program. Furthermore, the class action is based on the alleged conduct of the Defendants that potentially has affected or will affect hundreds of people; thus, the conduct in question is not special or unique to the named plaintiffs. Moreover, the class members allege injury by the same course of conduct—the Defendants' administration of the REFA program. Therefore, the typicality standard is met in this case.

## IV. Adequate Representation

Rule 23(a)(4) commands a court to be sure that "the representative parties will fairly and adequately protect the interests of the class." Two basic guidelines have emerged: 1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and 2) the party's attorney must be qualified, experienced, and generally able to conduct the proposed litigation. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir.1968), *vacated and remanded on other grounds,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ The Federal Defendants contend that the Plaintiffs will not adequately represent the interests of the class because their eligibility under REFA has been renewed or is in the process being renewed. According to this argument, the representatives claims are moot and they lack standing to bring this litigation.

■ Generally, named plaintiffs must present a live controversy and be a member of the class which he or she seeks to represent at the time the action is certified by the district court. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975); *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). The Supreme Court, however, has recognized exceptions to this rule.

In *Sosna v. Iowa,* the Court stated:
There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

419 U.S. at 402 n. 11, 95 S.Ct. at 559 n. 11. This Court finds that the case at bar is an exception and the certification should hereby relate back to the filing of the complaint.

When a claim is "capable of repetition, yet evading review", the named plaintiffs may still litigate the class certification issue. *See United States Parole Com. v. Geraghty,* 445 U.S. 388, 398, 100 S.Ct. 1202, 1209–10, 63 L.Ed.2d 479 (1980). The circumstances of this lawsuit clearly support the claim that without class certification "relating back" to the filing of the complaint, the issue of the defendants' administration of the REFA program would evade review. Here the mootness is created by the action of the Defendants who could grant eligibility under REFA program to plaintiffs every time an action is instituted, thereby preventing the issue from ever coming before the Court. *See Bacon v. Toia,* 437 F.Supp. 1371, 1383 (S.D.N.Y.1977), *aff'd without op,* 580 F.2d 1044 (2d Cir.1978). It would be unfair to allow the controversy to be mooted in this manner.

At issue in this case are not only the named plaintiffs claims, but also the interests of the other class members. "In this context, where the settlement of claims may moot the litigation, and substantial claims may go unaddressed, class certification will effectively protect the interests of absent class members." *McNeill v. New York City Housing Authority*, 719 F.Supp. at 253.

Moreover, we find that the Plaintiffs will fairly and adequately represent the class. Although they have been granted eligibility or are in the process of having their eligibility renewed, they still hold a significant stake in the outcome of this litigation. Unfortunately the realities of the Plaintiffs' circumstances are such that they (their families or their friends) may find themselves again in the position of having defaulted on loans and seeking renewed eligibility under the REFA program. Therefore, the Court expects strong advocacy by the named plaintiffs in this dispute.

The second *Eisen* guideline is amply met by Plaintiffs' counsel, a legal services organization which is undisputedly capable of providing competent and adequate representation for the entire class. The organization also has other clients with a continuing live interest in the case. Hence, the Court finds that the named plaintiffs and their attorneys will vigorously protect the interests of the class throughout the litigation. Consequently, Rule 23(a)(4) is satisfied.

### V. Necessity of Class Action

The State Defendants argue that a class action suit is unnecessary in this case because the class will gain no more from the decision than it would from the stare decisis effect of an individual action. Such an assertion misses the point and would require unduly complicated efforts by both future plaintiffs and this Court. Indeed, it has been held that if other similarly situated plaintiffs have to bring independent actions to enforce their rights based on stare decisis, then a Court should certify a plaintiff class to guarantee easy enforcement of the judgment. *Cutler v. Perales*, 128 F.R.D. at 45.

The Defendants must remember that "the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 560. Here, it is inconceivable that the class members would bring individual actions considering their financial circumstances. Furthermore, "[r]ule 23 is given liberal rather than restrictive construction, and courts are to adopt a 'standard of flexibility in application' so that it may best serve the ends of justice and promote judicial economy in a given case." *McNeill*, 719 F.Supp. at 252.

### VI. Rule 23(b)

Plaintiffs not only must satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, they must also maintain the action under one of the provisions of Rule 23(b). In the case at bar, the Plaintiffs contend that the Defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

In order to satisfy the requirement of Rule 23(b)(2) "plaintiff[s] must be seeking affirmative changes in government practices through injunctive or declaratory relief." *Cutler*, 128 F.R.D. at 45. Defendants argue that the relief sought by the Plaintiffs is only prohibitory, requiring them to discontinue their practices. The Second Circuit has held that when only prohibitory relief is sought and no affirmative action is requested, the district court should deny class certification. *See Davis v. Smith*, 607 F.2d 535 (2d Cir. 1978); *Galvan v. Levine*, 490 F.2d 1255 (2d Cir.1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974).

In the case at bar, Plaintiffs ask the Court to issue a permanent injunction enjoining Defendants' alleged policy and practice of denying eligibility for the REFA program to borrowers who have a default judgment against them and excluding borrowers by demanding monthly payments that are not reasonable. Plaintiffs also request an order requiring the Defendants to notify class members of their potential eligibility for the REFA program and of their past violations of the Higher Education Act Amendments of 1992. In addition, Plaintiffs seek to force

Defendants to reopen and reexamine prior applications to the REFA program that were denied based on the challenged policies. Furthermore, Plaintiffs want Defendants to grant eligibility to borrowers from the date they made the required six payments.

These requests amount to sufficient affirmative relief. The Court hereby finds that the requirement of Rule 23(b)(2) is satisfied.

## CONCLUSION

For the reasons stated above, this Court hereby GRANTS Plaintiffs' motion and certifies the following classes: 1) all persons in New York state who have been or will be denied participation in the REFA program because default judgments have been entered against them, the judgment class, and; 2) all persons in New York state who have been or will be denied participation in the REFA program based on their inability to make monthly payments that are not affordable given their total financial circumstances, the payment class.

SO ORDERED.