Patricia PACIELLO, individually and on behalf of all others similarly situated, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. 96 Civ. 3206 CM LMS.

United States District Court, S.D. New York.

Aug. 3, 1999.

---

202

Gary S. Graifman, Kantrowitz & Goldhamer, P.C., Chestnut Ridge, NY, for plaintiff.

Evan L. Gordon, New York City, for defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

McMAHON, Judge.

In 1995, Patricia Paciello applied for disability benefits to which she alleged entitlement under a long term disability policy issued by defendant UNUM Life Insurance Company of America ("UNUM") to her em-

ployer, Silhouette Optical Ltd. By letter dated December 28, 1995, UNUM notified Paciello that her claim for benefits would be denied. In general terms, the letter notified Paciello of her right to take an administrative appeal from this determination. Rather than do so, she commenced this action, on behalf of herself and others who had been denied benefits under UNUM disability policies. She alleged two separate claims: first, that UNUM's letter denying her benefits did not comport with the requirements of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, and was therefore defective; and second, that UNUM followed a practice of arbitrarily denying the claims of applicants for disability benefits under its policies. She purported to represent a class of individuals who were denied benefits by UNUM from August 1, 1994 to the present.

UNUM moved to dismiss the complaint, on the ground that plaintiff had failed to exhaust her administrative remedies by electing against an appeal. That motion was heard by my predecessor on this bench, the Hon. Jed S. Rakoff. Judge Rakoff denied the motion to dismiss. He did not grant summary judgment in plaintiff's favor, but he did make it clear, in the strongest terms, that he believed UNUM's letter denying Ms. Paciello her benefits to be deficient under ERISA. He also noted that two other courts (including another judge in this District) had reached the same conclusion. Judge Rakoff "suggested" that UNUM send Ms. Paciello a second denial letter that complied with all of ERISA's requirements. In keeping with the strong preference under ERISA for full administrative review prior to any Court action, Judge Rakoff urged Paciello to appeal if she received such a letter. He indicated in colloquy with counsel that plaintiff could come back to Court "if the appeal were concluded adversely for her." (Tr. of Proceedings dated October 24, 1996, at 16, attached as Ex. 6 to plaintiff's Consolidated Notice of Motion for Partial Summary Judgment and Class Certification).

UNUM, discerning which way the wind was blowing, sent the suggested letter to Paciello on October 31, 1996. Plaintiff took her administrative appeal and won. She was notified on February 26, 1997 that she would receive back benefits from December 28, 1995.

A fair reading of Judge Rakoff's remarks suggests that he thought this would end the matter. Unfortunately, it has not. Ms. Paciello—vigorously represented by not one but two law firms, Kantrowitz, Goldhamer & Graifman, P.C. and Stull, Stull & Brody—did not discontinue her action once she received her back benefits, even though no one suggests that there is any other relief to which she would be entitled. Instead, she continued to pursue this action. She recently moved for summary judgment on her claim for declaratory judgment that the first letter she received from UNUM violated ERISA—a proposition she contends is already law of the case by virtue of Judge Rakoff's statement concerning the inadequacy of the first denial letter she received. Paciello also seeks certification of a class consisting of all individuals who received denial of benefits letters from UNUM during the putative class period. She asks the Court to enter an injunction requiring UNUM to do for them what it did for plaintiff—send them a second denial of benefits letter to replace the letter that she contends does not conform to the requirements of ERISA. Ms. Paciello contends that she is an appropriate representative for such a class—even though she has been awarded benefits—because UNUM can review her benefits status at any time (indeed, it recently requested materials to update her file) and any future denial of benefits may result in her receipt of another defective letter.

UNUM, not to be outdone, seeks summary judgment dismissing plaintiff's claim on the ground that she has received all the relief to which she is entitled. If the case is dismissed, defendant contends that the application for class certification should be denied, on the ground that there is no adequate representative for the class. It asserts a variety of additional grounds for denying that motion as well.

I conclude as follows:

■ The law of the case doctrine does not compel me to grant summary judgment

to plaintiff on her declaratory judgment claim. Indeed, Judge Rakoff's actions back in 1996 do not implicate the law of the case doctrine. While I can guess how he would have ruled if confronted with a motion for summary judgment, he did not enter judgment for plaintiff on the ultimate issue in the case. Instead, it seems clear that Judge Rakoff was trying to broker a deal that would resurrect plaintiff's time to appeal, with the possible result that she would get the denial of benefits reversed (as happened), which would make her happy and end the lawsuit. The law of the case doctrine "is, at best, a discretionary doctrine, which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir.1997) (quoting *United States v. Martinez*, 987 F.2d 920, 923 (2d Cir.1993) (citations and internal quotation marks omitted)). The doctrine does not apply in this situation.

▪ Plaintiff's claim concerning her allegedly defective letter became moot once she received a new and admittedly satisfactory letter. A claim is moot when "(1) it can be said with assurance that there is no reasonable expectation … that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citations and internal quotation marks omitted). *See e.g. Boucher v. Syracuse Univ.*, 164 F.3d 113, 117–18 (2d Cir.1999) (holding that female students' claim was moot because the University they were suing had already established a women's lacrosse team, which was the relief the students originally sought). Paciello received benefits following an administrative review, which means she has received all the relief to which she would be entitled in response to the instant complaint. Plaintiff's speculation that her benefits *might* be withdrawn in the future, and that she *might* then receive a defective denial of benefits letter, does not mean that she has a live case in controversy at this moment. Therefore, her individual claim should be dismissed.

That the complaint was not dismissed two years ago can only be explained by the pendency of the class-wide allegations. The most recent set of class-wide allegations are set forth in the Second Amended Complaint, dated September 10, 1996. They include numerous contentions related to the question of whether UNUM has arbitrarily and capriciously denied benefits to insureds pursuant to some corporate policy of ignoring the recommendations of the insureds' treating physicians in favor of allegedly "independent" medical examiners. (*See* Second Amended Complaint, ¶ 8). After reading the moving papers, I conclude that plaintiff has abandoned any effort to press her contention of a policy of arbitrary and capricious denial of benefits by UNUM as a class matter. That is wise. This Court would never have certified such a class, because individual questions concerning each class member's condition and the process used by UNUM in evaluating the claims would clearly have predominated over any questions that were arguably germane to all claimants denied benefits.

Plaintiff contends that it is nonetheless appropriate to certify a class so this Court can adjudicate whether UNUM's denial of benefits letters (such as the one plaintiff received from UNUM as discussed above) complied with ERISA. This particular claim is not pleaded in the class allegations of ¶ 8 of the Second Amended Complaint and is not mentioned in the ad damnum clause of the Second Amended Complaint. It is mentioned in ¶ 24 of the Second Amended Complaint that plaintiff Paciello's denial of benefits letter did not conform to the requirements of ERISA. There are two questions for the Court to answer: are there claims in this case that warrant certification of a class, and if so, is plaintiff, who has no viable claim of her own at this point, an appropriate class representative?

▪ The latter question is by far the easier to answer. The law is well settled that a named plaintiff who had a live claim at the commencement of the action, but whose claim has since been resolved, may continue to prosecute claims for class-wide relief on behalf of a class of persons who are situated

similarly to her position when the suit began. *See White v. Mathews,* 559 F.2d 852, 856–57 (2d Cir.1977); *Jackson v. Foley,* 156 F.R.D. 538, 543 (E.D.N.Y.1994). Indeed, the Second Circuit has warned district courts not to provide defendants with an incentive to give priority treatment to putative class representatives in the hope of mooting their claims and thereby eliminating the class action. Thus, the fact that Paciello has received both a new letter and back benefits does not make her an inadequate class plaintiff.

■ However, that does not mean that class action treatment is appropriate in this case. Plaintiff still must convince the Court that the other prerequisites to class certification—numerosity, typicality and predominance of common questions of law or fact—are present so as to meet the requirements of Fed.R.Civ.P. 23(a), and that the case falls within one of the three grounds for maintaining class actions set forth in Fed.R.Civ.P. 23(b). I conclude that plaintiff has not met her burden on the questions of typicality and common question (which tend to merge in this analysis). I therefore decline to certify a class in this matter.

I decline to certify a nationwide class, as Paciello requests, for two reasons.

First, the record in this case is limited to testimony about practices in the Tarrytown, New York office of UNUM (whence plaintiff's claim was denied). Although plaintiff has submitted two denial of benefits letters from other parts of the country, there is no proof in this record that the practices followed by one UNUM representative at its Tarrytown office were followed by all or even most UNUM representatives throughout the nation. The process of establishing that they were (or were not) would present the Court with voluminous, fact-specific litigation about the practices in literally hundreds of UNUM offices nationwide. That is the antithesis of what Congress intended the class action process to cover.

Second, while Paciello is correct that certain judges (including Judges Kimba M. Wood and Rakoff of this District and Judge Jan E. Dubois of the Eastern District of Pennsylvania) have expressed judicial hostility toward individual letters sent by UNUM to individual insureds, UNUM points to *Capriccioso v. Henry Ford Health Systems,* No. 96–CV–75276–DT (E.D.Mich. Sept. 21, 1998), where Judge George E. Woods held precisely the opposite. This confirms my suspicion that one cannot necessarily translate Paciello's experience to all recipients of denial of benefits letters throughout the nation. I decline to involve this Court in the sort of extensive pre-class certification inquiry (with its attendant costs) that would be required to make the necessary factual determinations about which offices' clients belonged in the class and which did not. In so deciding, I note my awareness that the only class-specific money at stake in this action is legal fees, which will not go to the class members.[1]

■ I have not been asked to certify a smaller class, and I decline to do so, *sua sponte,* for several reasons. First, plaintiff has not purported to define any subsidiary class that she might represent. Second, she has offered no evidence concerning numerosity with regard to any smaller class. Moreover, I note that the purpose of the numerosity requirement is to promote judicial economy by avoiding a multiplicity of actions. *See Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). In this case, there is no avoiding a multiplicity of actions, because the real relief sought by the putative members of the class—money—can only be obtained in individual actions following inquiries into the individual situations of the allegedly disabled insureds. Third, even if one imagines that there exists some sub-class of individuals who could obtain injunctive relief on the extremely narrow claim concerning the contents of their denial of benefits letters (say, a class consisting of all insureds who were denied benefits out of the Tarrytown office,

---

1. Of course, I acknowledge that, if declaratory and injunctive relief were ordered on Paciello's theory, certain individuals would receive new letters denying them benefits, which would reopen their time to appeal, and might result—as it resulted in Paciello's case—in their receiving benefits. However, as I have noted above, such matters are beyond the scope of any class action, in that common questions of law and fact do not predominate. Any monetary recovery would have to be pursued in individual actions.

where Paciello's claim was processed), there is no escaping the fact that determining who is in the class would involve reviewing each and every denial of benefits letter to see whether it did or did not omit ERISA-mandated language. The proposed class period is also too long, as plaintiff admits that UNUM made certain corrections to its Risk Management Manual in 1996 in order to bring it into compliance with ERISA.

In sum, certifying this case as a class action would involve transmogrifying the complaint into something it is not and the request for class certification into something it is not. This Court is disinclined to do either.

Plaintiff's motion for summary judgment is denied and defendant's motion to dismiss plaintiff's individual claim as moot is granted. Plaintiff's motion for class certification is denied. No costs are awarded to either party.