Robert T. BECHER, Roger Hennessey, Kenneth Hutchenson, Daniel McDiarmid, Paul Morea, Robert Pohalski, Joseph Rosato, and John Thalmann, for themselves and all others similarly situated, Plaintiffs,

v.

LONG ISLAND LIGHTING COMPANY, Retirement Income Plan of Long Island Lighting Company, and its predecessor plans, and Robert X. Kelleher, Defendants.

No. 95 CV 1994(NG).

United States District Court, E.D. New York.

April 15, 1997.

Weil Gotshal & Manges by Jeffrey S. Klein, James W. Quinn, Nicholas J. Pappas, New York City, Curto Barton and Alesi by Anthony V. Curto, Barbara Shaheen Alesi, Joseph P. Glynn, Melvelle, NY, for plaintiffs.

Leboeuf, Lamb, Greene & Macrae, L.L.P., by Michael Lesch, Frank Cummings, Katherine S. Kamen, New York City, Long Island Lighting Co. by Leonard P. Novello, General Counsel, Stephen W. McCaffrey, General Counsel, Hicksville, NY, for defendants.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

The plaintiffs bring this class action on behalf of themselves and a group of long-term employees and retirees of defendant Long Island Lighting Company ("LILCO"). They seek relief upon claims that LILCO improperly imposed forfeitures of pension benefit service credit upon certain of its employees.

In the class action allegations contained in the Complaint, the class sought to be represented by the plaintiffs is defined as "all current or former employees of LILCO who made withdrawals or had withdrawals made of their employee contributions to the Plan prior to January 1977 and who—according to defendants—forfeited credit under the Plan for all years of service prior to withdrawals." Complaint ¶ 36. In addition, Count VI of the Complaint asserts claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4333 and New York Military Law § 317. These claims concern forfeitures of pension benefit service credits not because of contribution withdrawals, but because of time spent by LILCO employees in military service.

The plaintiffs' motion for class certification was granted by the Hon. Arthur D. Spatt, to whom this case was then assigned, on January 6, 1996. *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144 (E.D.N.Y.1996). Judge Spatt noted that the plaintiffs had defined the class as "all current and former employees of LILCO who made withdrawals of their employee contributions prior to January 1, 1977, the date the plaintiffs contend they could have first been reasonably expected to know that a withdrawal of contributions would result in a forfeiture of credit under the LILCO Plan." 164 F.R.D. at 148. Pursuant to Count VI of the Complaint, the plaintiffs also argued for, and Judge Spatt also certified, a subclass of "Plan participants who took military leaves of absence from their employment with LILCO." *Id.* at 150. This subclass was to consist of current and former employees who had been subject to the following action:

> As a result of the [military] leave, the defendants withdrew the subclass members' contributions to the Plan without their having made an election to make the withdrawals. Because of the withdrawals, the members of the subclass never received credits for their years of employment prior to the leave.

*Id.* at 150–151.

A dispute has now arisen between the parties as to the composition of the subclass. The plaintiffs say it contains, or should contain, all current and former LILCO employees who lost pension benefit service credits because of military leave regardless of whether they made contribution withdrawals or had withdrawals made for them. The defendants argue that this is an improper expansion of Judge Spatt's class certification order. The plaintiffs have accordingly brought a motion "to clarify or amend" Judge Spatt's class certification order so as to explicitly recognize claims of LILCO employees who lost pension benefit service credits solely as a result of military service ("the Military Subclass").

## DISCUSSION

As a threshold matter, there is no question concerning my authority to clarify or amend

the existing class certification order in this case. *Federal Rule of Civil Procedure* 23(c)(1) provides that a class certification order "may be altered or amended before the decision on the merits."

The explicit certification of a subclass of plaintiffs who forfeited pension credit service benefits based upon military service alone is vigorously opposed by the defendants on a number of grounds. However, some of these grounds concern, not whether such a subclass can be maintained pursuant to Federal Rule of Civil Procedure 23, but the merits of the claims of potential subclass members. For example, the defendants contend that the claims asserted by the Military Subclass are moot because LILCO has already provided relief to all potential subclass members through internal administrative procedures and that all potential members of the Military Subclass have no claim because of a failure to exhaust administrative remedies under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). The plaintiffs deny the factual basis for the defendants' claim of mootness and argue that, even if some relief has been provided, it has not been complete. (Indeed, the defendants themselves acknowledge that they are still "actively attempting to locate" potential members of the Military Subclass in order to provide them with proper relief. Defendants' Surreply Memorandum at 6.) The plaintiffs also argue that ERISA's exhaustion requirement does not apply here.

■ Arguments addressed to the merits are not properly considered on this motion concerning class certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). And the defendants' claims of mootness, which have jurisdictional implications, require further factual development.

The defendants raise three objections to the certification of the Military Subclass that are properly considered here: 1) the Military Subclass fails to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1); 2) plaintiff Roger Hennessey, the only named plaintiff said to fall within the Military Subclass, is not a proper subclass representative; and 3) certification of the Military Subclass at this stage of the litigation will result in unfair prejudice to the defendants. These objections are not meritorious.

## A. Numerosity.

The plaintiffs assert that numerosity is established by 1) a list of 84 individuals who made withdrawals of contributions from the Plan and who also took military leave, 2) a list of 6 individuals who took leaves from employment due to military service, but who did not make withdrawals and 3) the claim of plaintiff Roger Hennessey, who the plaintiffs assert is a proper representative of the Military Subclass. The plaintiffs further contend that additional discovery will likely lead to establishing a significant number of additional potential members of the Military Subclass.

■ The defendants counter that the 84 individuals who served in the military, but who also made contribution withdrawals, cannot be members of the Military Subclass because their claims are already cognizable within the class of plaintiffs who are challenging the loss of pension benefit service credits as the result of withdrawals. However, as the plaintiffs correctly argue, the claim of loss of credit because of military service is a separate and distinct one from the claim of loss of credit because of withdrawal. As plaintiffs state with respect to these 86 individuals, their claim is that "LILCO violated [their] statutory rights ... in precisely the same way as those veterans who did not withdraw their contributions ... precisely because defendants did not grant them service credit for their military leaves." Plaintiffs' Reply Memorandum at 26 (emphasis omitted). The defendants further assert that the six individuals who took military leaves without making contribution withdrawals have already been made whole by LILCO. The plaintiffs dispute this and, as already indicated, this is a question going to the merits of their claims. Hence, even without Mr. Hennessey, the plaintiffs have sufficiently established the existence of at least 90 potential members of the Military Subclass, a figure that satisfies the numerosity requirement. *See Robidoux v. Celani,* 987 F.2d 931,

936 (2d Cir.1993) (noting with approval commentator's view that "the difficulty of joining as few as 40 class members should raise the presumption" that numerosity is satisfied) (citing 1 Herbert B. Newberg, *Newberg on Class Actions* § 3.05 at 141–142 (2d ed.1985)).

### B. Mr. Hennessey as Subclass Representative.

The defendants argue that Mr. Hennessey cannot serve as a representative of the Military Subclass because he has already prevailed in an administrative claim seeking to have service credits relating to his time in the military restored. The plaintiffs counter that Mr. Hennessey's relief was less than complete because LILCO did not correctly calculate his service credit and did not award him attorneys' fees or liquidated damages. Judge Spatt has already considered these contentions and found Mr. Hennessey to be "an adequate class and subclass representative." 164 F.R.D. at 153. The defendants provide me with no reason to disturb this ruling.

### C. Prejudice to the Defendants.

██ The defendants finally assert that the certification of the Military Subclass will in effect open an entirely new case as this matter nears the close of discovery. However, the plaintiffs have represented that little additional discovery will be necessary to establish the potential membership and claims of the Military Subclass. Specifically, the plaintiffs have declared that they will require discovery only of 1) the personnel files of 350 LILCO employees who are veterans and 2) the results of a survey of veteran employees conducted by LILCO in January 1997. Transcript of April 1, 1997 Hearing at 30–31. On the basis of this representation, I cannot find that the defendants will be unduly prejudiced by the certification of the Military Subclass.

### CONCLUSION

The plaintiffs have formulated the following amended class definition:

All current and former employees of LILCO who were not credited with pension benefit service under LILCO's pension program either:

1) for service time prior to and including the date of any such employee made withdrawals of contributions from the LILCO pension program prior to January 1, 1977; or

2) for time spent on military leave in or after 1940, so long as such employee had not retired from LILCO prior to January 1, 1977.

Letter of James W. Quinn, Esq., dated April 1, 1997. For the reasons stated above, it is ORDERED that the class certification order is amended so as to adopt this definition. It is further ORDERED that Group 1) will be referred to as the Withdrawal Subclass and Group 2), whose membership may overlap with that of Group 1), will be referred to as the Military Subclass.

### SO ORDERED.