**UNIVERSAL CALVARY CHURCH, et al., Plaintiffs,**

v.

**CITY OF NEW YORK, et al., Defendants.**

**No. 96 CIV. 4606(RPP).**

United States District Court, S.D. New York.

Jan. 9, 1998.

See also, 1997 WL 473539.

Rheingold, Valet & Rheingold, P.C. by Paul D. Rheingold, Terrence McCartney, Julia Schnurr, New York City, for Plaintiffs.

Paul A. Crotty, Office of Corporation Counsel for City of New York by Norma Kerlin, New York City, for Defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs Universal Calvary Church ("UCC") and individual plaintiffs move pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for certification as a class action in this civil rights action for monetary damages.

### Background

The complaint charges that defendants, acting under color of state law, assaulted, battered, falsely accused, falsely arrested, falsely imprisoned, and maliciously prosecuted the individual plaintiffs denying their constitutional rights, civil rights, and rights created under state law such as negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. The defendants are twenty-one individual police officers who allegedly engaged in an attack on the UCC on August 20–21, 1995, officials of the City of New York and its Police Department who are alleged to have condoned the alleged misconduct, and the City of New York and its Police Department whose policies are alleged to have contributed to the complained of federal and state law violations.

Plaintiffs assert that there are 217 members of the class, including the fifteen plaintiffs other than the UCC and its pastor. The class is described as "Church members, parishioners or attendees of plaintiff U.C.C. who were present on August 20–21, 1995, when the actions of the defendants complained of occurred." (Compl.¶ 27). Considerable document and deposition discovery has been completed in this action, and notices of claims pursuant to New York City General Municipal Law § 50–e have also been served, and hearings held pursuant to New York City General Municipal Law § 50–h.

This lawsuit relates to a 911 call, on August 20, 1995, for police assistance by a member of the UCC alleging that a robbery had occurred. Police officers arrived on the scene, but no arrest was made and the officers left.[1] Later in the evening, another police team arrived and attempted to arrest certain of the plaintiffs for having committed the alleged robbery. Certain church members allegedly interfered with the arrest and others protested the arrest. The arresting officers radioed "police officer in need of assistance," which was responded to by many police cars and police officers. A disturbance resulted during which certain church members were prevented from leaving the meeting grounds and during which mace was used by members of the police. The complaint involves incidents occurring over a period of more than twelve hours.

The plaintiffs allege that subclasses exist consisting of (a) individuals who were assaulted, illegally confined, maced and subjected to fear; (b) individuals who were illegally confined to the meeting grounds, maced, and subjected to emotional distress; and (c) minor children who were illegally confined, maced, and subjected to fear. Which defendants correspond to each of the subclasses is unclear at this time.

### Discussion

Plaintiffs acknowledge that joinder of the 217 members of the class of plaintiffs could be done, but argue that it is impracticable, that a fair and efficient adjudication of the controversy will be best served if a class action is certified, and that questions of law and fact predominate over questions affecting only individual class members. *See* Fed. R.Civ.P. 23(b)(3). Rule 23(a), however, states that plaintiffs may sue as representatives of a class on behalf of all "only if"

---

1. Plaintiffs contend that the police were summoned because a man, brandishing a handgun, threatened several ushers with bodily harm while trying to enter the revival meeting in search of his ex-wife. (Compl.¶¶ 40–41). Plaintiffs claim that the police officers who arrived on the scene were asked to arrest the man, who identified himself as a police officer at that time, but the officers refused the request. (*Id.* ¶ 44).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The plaintiffs have failed to fulfill the first two requirements of Rule 23(a).[2]

### 1) Numerosity

■ Plaintiffs acknowledge that the individual members of the class can be joined. They argue, however, that because the individual plaintiffs to be listed on the caption and pleadings would consume many pages, joinder is impracticable. Plaintiffs cite no authority for their position.

■ In deciding the issue of numerosity, the standard applicable is not whether joinder would be impossible, but whether it would be impracticable. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). Several factors are relevant to this determination: judicial economy arising from the avoidance of multiple actions, geographic dispersion of the putative class members, the financial resources and ability of the class to institute individual suits, and the possibility that injunctive relief could lead to inconsistent results absent class certification. *See id.* at 936.

■ Plaintiffs' counsel has stated that it knows the identities of every potential plaintiff and is willing to join them. (Pl's Reply Mem. at 5–6; Pl's Mem. at 3). Plaintiffs will be equally able to pursue their suits if their claims are joined as they would be were a class to be certified. Counsel for plaintiff has promised to represent the group either way. *See Strykers Bay Neighborhood Council v. City of N.Y.*, 695 F.Supp. 1531, 1538 (S.D.N.Y.1988).

Plaintiffs are not geographically dispersed such that joinder is impracticable. The overwhelming majority of putative class members live in Queens, Brooklyn or Nassau County. All are regular attendees of or have attended the UCC located in Queens. *See Moore v. Trippe*, 743 F.Supp. 201, 211 (S.D.N.Y.1990).

Judicial economy would not be better served by a class action than by joinder of all plaintiffs. In either case, there will have to be subclasses of the various plaintiffs whose claims fall into distinct categories and raise different issues. In order to subdivide in this manner, the exact nature of the individual claims will have to be analyzed and categorized. Thus, no saving of judicial effort will be realized if there is class certification, and judicial control of the proceeding will be better served if all the plaintiffs are joined.

Finally, because plaintiffs request only monetary relief, there is no fear that separate trials could lead to inconsistent injunctive relief. Therefore, plaintiffs have failed to establish that the class is so numerous that joinder of all members is impracticable.

### 2) Common Questions of Law or Fact

■ Each plaintiff's claim turns largely on its individual facts. For example, whether a particular police officer employed excessive force against a particular plaintiff requires a determination of exactly how much force was used in dealing with that plaintiff. The amount of force utilized undoubtedly varied from plaintiff to plaintiff and what might be excessive in one case might be justified in another.

Plaintiffs rely upon *In re City of Philadelphia Litigation*, Civ. A. No. 85–2745, 1986 WL 5719, at *2 (E.D.Pa. May 16, 1986), for the proposition that class actions in civil rights lawsuits are not uncommon. *City of Philadelphia* is distinguishable. There, common questions of law and fact existed because the plaintiffs' claims all arose from the same action of defendants— the dropping of an explosive device on a certain house which resulted in the fires that damaged plaintiffs' property. *See id.* at *3. Thus, the issue of the defendants' liability for that action was

---

**2.** Because the requirements of Rule 23(a) are not met, the requirements set forth in Rule 23(b)(3) have not been analyzed in depth. It should be noted that the discussion below of common questions of law or fact is equally applicable to whether common questions of law or fact predominate over questions affecting only individuals, a requirement of Rule 23(b)(3).

common to all class members, even though the amount of damages varied from claimant to claimant. *See id.* The court concluded both that there were common questions of law and fact, and that those questions predominated over questions affecting only individual members. *See id.* at *4. Here, oral argument revealed that the series of interactions between individual plaintiffs and individual police officers will raise issues of fact and law specific to each interaction, and the defendants' liability will vary accordingly. Trial will raise questions of liability such as whether each particular action was justified, or whether there is evidence that a particular action involved the use of excessive force or was racially motivated. Moreover, the damages suffered by the plaintiffs will vary depending on such factors as the level of force used in each instance, the extent of false imprisonment to which each plaintiff was subjected, the extent of each plaintiff's exposure to mace, and so on. It is not established on this record that common questions of law or fact predominate over questions affecting only individuals plaintiffs, nor is it clear that a class action will be superior to joinder of all the plaintiffs.

If a class action were utilized, the subclasses proposed by plaintiffs would, in all probability, not be sufficient for a fair and efficient adjudication of the controversy and would have to be revised. Because plaintiffs seek to raise assaults, illegal confinement, the use of mace, insufficient medical attention, etc., these fact-specific claims involving specific actions by specific defendants will probably have to be subdivided into groups smaller than the broad classes proposed by plaintiffs. Under these circumstances, it is not clear at this time that a class action certification will make the action more manageable. Instead, it appears that all 217 plaintiffs should be joined in the action so that their specific charges against the defendants can be definitively ascertained and the Court can determine which claims should be consolidated for trial or severed from the remaining claims. 217 individual trials are not contemplated. Plaintiffs' motion is denied without prejudice to its reconsideration after discovery is completed. Accordingly, the joinder of all plaintiffs is required.

IT IS SO ORDERED.