**Thomas SANFT and Edward Luppen, on their own behalf, and as representatives of a class of all other persons similarly situated, Plaintiffs,**

v.

**WINNEBAGO INDUSTRIES, INC.; Winnebago Industries, Inc. Deferred Compensation Plan; Winnebago Industries, Inc. Deferred Incentive Formula Bonus Plan; and, Winnebago Industries, Inc. Deferred Compensation Plan and Deferred Bonus Plan Trust, Defendants.**

No. C01–3067–MWB.

United States District Court,
N.D. Iowa,
Central Division.

May 7, 2003.

Donald G. Thompson, William T. McCartan, Paul David Burns, Kevin C. Papp, Bradley & Riley, Cedar Rapids, IA, for plaintiffs.

Gene R. La Suer, Deborah M. Tharnish, Davis, Brown, Koehn, Shors & Roberts, Des Moines, IA, for defendants.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

BENNETT, Chief Judge.

### TABLE OF CONTENTS

I. *INTRODUCTION AND BACKGROUND* .................................... 517

II. *LEGAL ANALYSIS* ...................................................... 518
 A. *Class Action Requirements Of Rule 23(a)* .............................. 518
 B. *Numerosity* ........................................................ 520
 1. *The general requirement* ......................................... 520
 2. *Factors* ....................................................... 521
 a. *Size of class* ............................................... 521
 b. *Geographical dispersion* ....................................... 522
 c. *Identification of class members* ................................ 523
 d. *Financial resources of class members* ........................... 524
 e. *Class members' continued employment* .......................... 525

 *f. Judicial efficiency* ........................................526

**III. CONCLUSION** ...................................................527

### I. INTRODUCTION AND BACKGROUND

On August 20, 2001, plaintiff Thomas Sanft, on his own behalf and as representative of a class of persons similarly situated, filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against his former employer, Winnebago Industries, Inc. ("Winnebago"), Winnebago Industries, Inc. Deferred Compensation Plan ("Deferred Compensation Plan"), Winnebago Industries, Inc. Deferred Incentive Formula Bonus Plan ("Deferred Bonus Plan"), Winnebago Industries, Inc. Deferred Compensation Plan And Deferred Bonus Plan Trust ("the Trust").

On December 28, 2001, plaintiff Sanft filed an amended complaint in this matter. On January 31, 2003, United States Magistrate Judge Paul A. Zoss granted plaintiff Sanft's motion to amend the complaint for a second time to add Edward Luppen as a named representative plaintiff in this matter. In their Second Amended and Substituted Complaint and Jury Demand, plaintiffs seek relief against defendants for improperly and illegally reducing Sanft's rightful retirement benefits. Specifically, plaintiffs allege the following claims in their Second Amended and Substituted Complaint: declaratory judgment (Count I); breach of contract regarding the Deferred Compensation Plan (Count II); breach of contract with respect to the Deferred Bonus Plan (Count III); promissory estoppel (Counts IV & XI); unjust enrichment (Counts V & XII); breach of the trust agreement (Counts VI, XIV & XV); breach of contract through violation of ERISA's vesting requirements (Count VII); breach of fiduciary duty (Count VIII); violation of ERISA's vesting requirements (Count IX); violation of ERISA's funding requirements (Count X); breach of fiduciary duties owed under the trust agreement (Count XIII), and common law fraud (Count XVI).

On February 3, 2003, plaintiff Sanft filed his Motion For Class Certification in which he seeks to have the court certify a class under Federal Rule of Civil Procedure 23(b)(2) or, alternatively, under Federal Rule of Civil Procedure 23(b)(1) or 23(b)(3), described as follows:

> All persons who made deferrals into the Winnebago Industries, Inc. Deferred Compensation Plan or the Winnebago Industries, Inc., Deferred Incentive Formula Bonus Plan, who were vested in their right to receive benefits under one or both of these plans at the time Defendants retroactively reduced the benefits of some participants under the Plans, and whose benefits were reduced as a result of actions of the Defendants.

Plaintiff's Mot. For Class Certification at ¶ 3.[1] Plaintiff Sanft contends that this class satisfies the requirements of Rule 23(a) as to numerosity, commonality, typicality, and adequacy of representation. Defendants filed a timely resistance to plaintiff Sanft's Motion For Class Certification on March 7, 2003, in which they resist the motion on the ground that plaintiff Sanft is unable to meet the prerequisites for class certification. Specifically, defendants assert that plaintiff Sanft cannot establish that the class is so numerous as to make joinder impracticable. Defendants also argue that half of the purported class lack standing to bring this lawsuit because they were not participants in the disputed plan at the time the lawsuit was filed. Defendants further contend that plaintiff Sanft cannot establish a basis for certification under Federal Rule of Civil Procedure 23(b)(1), (2), or (3).

The court held telephonic oral arguments on plaintiff Sanft's Motion For Class Certification on May 2, 2003. At the oral arguments, plaintiff Sanft was represented by William T. McCartan and Donald G. Thompson of Bradley & Riley, P.C., Cedar Rapids, Iowa. Defendants were represented by Gene R. La Suer and Deborah M. Tharnish of Davis, Brown, Koehn, Shors & Robert, P.C., Des Moines, Iowa. The parties have filed

---

1. Although plaintiff Sanft filed the motion for class certification in only his name, Judge Zoss subsequently granted the motion to amend the complaint to add Luppen as a second named representative plaintiff. Thus, the effect of Luppen's joinder must be considered by the court in its assessment of Sanft's motion.

comprehensive briefs in support of their respective positions.

## II. LEGAL ANALYSIS

### A. Class Action Requirements Of Rule 23(a)

 Rule 23(a) of the Federal Rules of Civil Procedure identifies the prerequisites for a class action as follows:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); see generally Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir.1996); accord Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 37 (1st Cir.2003); O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732, 737 (5th Cir.2003); In re Veneman, 309 F.3d 789, 792 (D.C.Cir.2002); Uhl v. Thoroughbred Tech. & Telcomm., Inc., 309 F.3d 978, 985 (7th Cir. 2002); Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 446 (6th Cir.2002); Franze v. Equitable Assurance, 296 F.3d 1250, 1252 (11th Cir.2002); In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 132–33 (2d Cir.2001), cert. denied, 536 U.S. 917, 122 S.Ct. 2382, 153 L.Ed.2d 201 (2002); Johnston v. HBO Film Mgt., Inc., 265 F.3d 178, 183 (3rd Cir.2001); In re Prudential Ins. Co. of America Sales Litig., 148 F.3d 283, 308–09 (3rd Cir.1998). These four prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." General Telephone Co. v. E.E.O.C., 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1345 (11th Cir.2001) (quoting General Telephone Co., 446 U.S. at 330, 100 S.Ct. 1698). A plaintiff moving for class certification has the burden of showing that the class should be certified and that the requirements of Rule 23 are met. See Amchem Prods., Inc. v. Windsor,

521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir.1994) (citing Smith v. Merchants & Farmers Bank of West Helena, 574 F.2d 982, 983 (8th Cir.1978)); Howe v. Varity Corp., 896 F.2d 1107, 1111 (8th Cir. 1990); Smith v. Merchants & Farmers Bank of West Helena, Ark., 574 F.2d 982, 983 (8th Cir.1978); Parkhill v. Minnesota Mut. Life Ins. Co., 188 F.R.D. 332, 336 (D.Minn.1999), aff'd, 286 F.3d 1051 (8th Cir.2002); Jenson v. Eveleth Taconite Co., 139 F.R.D. 657, 659 (D.Minn.1991); accord General Motors Acceptance Corp., 296 F.3d at 446; Bishop v. New York City Dep't of Hous. Preservation and Dev., 141 F.R.D. 229, 234 (S.D.N.Y. 1992). In addition to satisfying the threshold requirements of Rule 23(a), a class action may be maintained only if it qualifies under at least one of the categories provided in Federal Rule of Civil Procedure 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613–16, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Smilow, 323 F.3d at 37; General Motors Acceptance Corp., 296 F.3d at 446; Franze, 296 F.3d at 1252; In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d at 133; see also Rutstein v. Avis Rent–A–Car Sys., Inc., 211 F.3d 1228 (11th Cir. 2000), cert. denied sub nom. Zeirei Agudath Israel Bookstore v. Avis Rent–A–Car Sys., Inc., 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001). The district court's determination of whether or not to certify a class will be set aside only if there was an abuse of discretion. Coleman, 40 F.3d at 259; Arthur Young & Co. v. Reves, 937 F.2d 1310, 1323 (8th Cir.1991) (" 'A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion,' " quoting Gilbert v. City of Little Rock, 722 F.2d 1390, 1399 (8th Cir.1983), cert. denied, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984)), rev'd on other grounds, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993); accord O'Sullivan, 319 F.3d at 737 (noting that review of the certification of a class is for abuse of discretion); Newton v. Merrill, Lynch, Pierce, Fenner & Smith, 259 F.3d 154, 165 (3rd Cir.2001) (noting that court reviews a decision granting or denying class certification for abuse of discretion).

The court must engage in a "rigorous analysis" to determine whether all the prerequisites of Rule 23(a) are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Newton*, 259 F.3d at 165.[2] To determine whether the requirements of Rule 23(a) have been satisfied, the court must examine the factual basis for the plaintiff's claims and may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery. *See Newton*, 259 F.3d at 165 (noting that when conducting an examination of the factual and legal allegations for the purposes of class certification, " 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.' ") (quoting *Falcon*, 457 U.S. at 160, 102 S.Ct. 2364); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir.) (holding that a court was not required to accept allegations in complaint as true when determining whether to grant class certification, but instead must make whatever factual and legal inquiries that are necessary to ensure that prerequisites and requirements for class certification are satisfied), *cert. denied*, 534 U.S. 951, 122 S.Ct. 348, 151 L.Ed.2d 263 (2001); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 56–57 (S.D.N.Y.2002) (noting that while a court should "refrain from deciding any material factual disputes between the parties concerning the merits of the claims," the court must conduct a "rigorous analysis" to determine whether the relevant requirements of Rule 23 have been met and that in conducting this analysis "the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery."); *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D.Ohio 2001) (noting that "[r]esolution of the class certification issue may, however, require the court 'to probe behind the pleadings before coming to rest on the certification question.' ") (quoting *Falcon*, 457 U.S. at 160, 102 S.Ct. 2364); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 570–72 (2d Cir.1982) (holding that "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 699, 707 (4th Cir.1976) (noting that "a preliminary hearing, addressed not to the merits of plaintiff's individual claim, but to whether he is asserting a claim, which, assuming its merit, will satisfy the requirements of Rule 23, has never been regarded as violative of the rule stated in *Eisen [v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ]") (footnote omitted); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir.1974) ("Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide."); *Daniels v. City of New York*, 198 F.R.D. 409, 413 n. 5 (S.D.N.Y.2001) (noting that the court need not rely on the bare allegations contained in the complaint but "may consider the range of proof necessary to support class certification"); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 595 n. 11 (E.D.Mich.1996) (noting that the court "will focus primarily on the allegations set forth in [the plaintiff's]@ pleadings, but will also, when necessary, consult the present evidentiary record to better ascertain the precise nature of [the plaintiff's] allegations and claims.").

In *Szabo*, the Seventh Circuit Court of Appeals chastised the district court for accepting the allegations of the complaint as true when deciding whether to certify a class.[3] *Szabo*, 249 F.3d at 675. As the court of appeals explained:

2. A class may be decertified if later events disclose that the reasons for granting class certification no longer exist or never existed. *See* FED. R. CIV. P. 23(c)(1).

3. The court notes that in contrast to the *Newton–Szabo* line of authorities, some courts have held that when deciding a motion for class certification, a court is required to accept the allegations in the complaint as true. *See Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y.2000) (noting that in considering a motion for class certification, "the court must accept the allegations in the complaint as true and should not conduct a preliminary inquiry into the merits of the action."); *In re Cincinnati Radiation Litig.*, 187 F.R.D. 549, 551–52 (S.D.Ohio 1999) ("For purposes of a class certification motion, the Court must accept as true the allegations of the complaint."); *Becher v. Long Island*

The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it. The reason why judges accept a complaint's factual allegations when ruling on motions to dismiss under Rule 12(b)(6) is that a motion to dismiss tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later—by a motion for summary judgment under Rule 56, and if necessary by trial. By contrast, an order certifying a class usually is the district judge's last word on the subject; there is no later test of the decision's factual premises (and, if the case is settled, there could not be such an examination even if the district judge viewed the certification as provisional). Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23. This would be plain enough if, for example, the plaintiff alleged that the class had 10,000 members, making it too numerous to allow joinder, see Rule 23(a)(1), while the defendant insisted that the class contained only 10 members. A judge would not and could not accept the plaintiff's assertion as conclusive; instead the judge would receive evidence (if only by affidavit) and resolve the disputes before deciding whether to certify the class.

*Id.* at 675–76. The court finds this logic to be compelling and concludes that, since the Eighth Circuit Court of Appeals has not weighed in on this issue, the approach taken in the *Newton–Szabo* line of authorities will be followed in this case.

Thus, the issue before the court on plaintiff Sanft's motion is whether plaintiff Sanft has met his burden of establishing, on the basis of the pleadings, affidavits, and the results of discovery, that the four prerequisites of Rule 23(a) have been met. Because satisfaction of each of the Rule 23 criteria is a necessary prerequisite to class certification, the court will address each criterion in turn.

### B. Numerosity

#### 1. The general requirement

■ The first requirement of Rule 23(a) is that a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). To meet this requirement, the court must conclude that a class is sufficiently large so as to render joinder of all its members impracticable in light of the particular circumstances of the case. *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.,* 446 F.2d 763, 765 (8th Cir.1971); *accord Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993). Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required. *Arkansas Educ. Ass'n,* 446 F.2d at 765; *accord Familienstiftung v. Askin,* 178 F.R.D. 405, 409 (S.D.N.Y. 1998) (noting that "[i]mpracticability does not mean impossibility, but rather difficulty or inconvenience."); *In re NASDAQ Market–Makers Antitrust Litig.,* 169 F.R.D. 493, 508 (S.D.N.Y.1996) (observing that "[i]mpracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder.").

■ The numerosity requirement requires "examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of Northwest, Inc. v. E.E.O.C.,* 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); *accord Askin,* 178 F.R.D. at 410 (" 'In

*Lighting Co.,* 164 F.R.D. 144, 149 (E.D.N.Y.1996) (holding that "on a motion for class certification, in which it is the plaintiffs' burden to demonstrate compliance with Rule 23's requirements, the Court should accept as true the plaintiffs' allegations concerning the merits of the case."), *amended by,* 172 F.R.D. 28 (E.D.N.Y.1997); *Westman v. Textron, Inc.,* 151 F.R.D. 229, 230 (D.Conn.1993) ("A preliminary investigation into the merits of the suit is not necessary when determining whether it may be conducted as a class action. Therefore, when deciding a motion for class certification, a court may accept the

allegations in the complaint as true.") (citation omitted); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund,* 778 F.Supp. 985, 989 (N.D.Ill.1991) ("In evaluating the motion for class certification, the allegations made in support of certification are taken as true, and we do not examine the merits of the case."); *Adames v. Mitsubishi Bank, Ltd.,* 133 F.R.D. 82, 87 n. 1 (E.D.N.Y.1989) ("If the Court is only considering a motion to certify a class, the Court should accept plaintiff's allegations concerning the merits of their claim and determine whether the Rule 23 requirements are met.").

dealing with the issue of numerosity, we deal with it not in absolute numbers, but in the relationship of the numbers of the putative class members involved to their economic interests and all of the other circumstances peculiar to [each] case.'") (quoting *Elliott Assoc. v. J. Henry Schroder Bank & Trust,* 655 F.Supp. 1281, 1285 (S.D.N.Y.1987)). No rigid rule of thumb has been developed in the Eighth Circuit Court of Appeals as to how many potential class members is sufficient to satisfy the numerosity requirement. *Emanuel v. Marsh,* 828 F.2d 438, 444 (8th Cir. 1987) ("This court has not established any rigid rules regarding the necessary size of classes."), *vacated on other grounds,* 487 U.S. 1229, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988); *Belles v. Schweiker,* 720 F.2d 509, 515 (8th Cir.1983) ("[N]o arbitrary rules regarding the necessary size of classes have been established."); *Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 54 (8th Cir.1977) ("No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of each case."); *Glenn v. Daddy Rocks, Inc.,* 203 F.R.D. 425, 428–29 (D.Minn.2001) ("No arbitrary or rigid rules regarding the required size of a class have been established by the courts, and what constitutes impracticability depends upon the facts of each case."); *In re Select Comfort Corp. Secs. Litig.,* 202 F.R.D. 598, 603 (D.Minn.2001) ("Courts have typically established no arbitrary or rigid rules regarding the required size of a class, and what constitutes impracticality depends upon the facts of each case."); *Hancock v. Thalacker,* 933 F.Supp. 1449, 1466 (N.D.Iowa 1996) ("The 'numerosity' requirement has produced no rule of thumb in this circuit as to how many potential class members is enough."); *Caroline C. v. Johnson,* 174 F.R.D. 452, 462–63 (D.Neb.1996)

(noting that "[n]o absolute or arbitrary number satisfies the numerosity requirement"). *But see Richter v. Bowen,* 669 F.Supp. 275, 281 n. 4 (N.D.Iowa 1987) (recognizing that some courts apply a rule of thumb that a class of over 40 persons is sufficiently numerous, citing 3B J. MOORE, MOORE'S FED. PROCEDURE 23.05[1] ).[4]

The Eighth Circuit Court of Appeals has further instructed that:

> In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.

*Paxton v. Union Nat'l Bank,* 688 F.2d 552, 559–60 (8th Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983); *Emanuel,* 828 F.2d at 444 (citing *Paxton,* 688 F.2d at 559–60); *Glenn,* 203 F.R.D. at 429 (same); *In re Select Comfort Corp. Secs. Litig.,* 202 F.R.D. at 603 (same).

#### 2. Factors

#### a. Size of class

Plaintiff Sanft contends that 51 current and former employees of Winnebago are putative members of the class and that the numerosity requirement is therefore satisfied. Defendants respond that plaintiff Sanft's proposed class fails because there are actually three classes at issue in this litigation: 24 Class A and Class B participants; 21 Class C participants who signed waivers; and, 6 Class C participants who did not execute waivers.

Under the amended version of the Deferred Compensation Plan ("the Plan"), Win-

4. Other courts have held that the numerosity requirement has been presumptively satisfied when the class comprises 40 or more members. *Consolidated Rail. Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995) (holding that 40 or more prospective class members raises a presumption of numerosity); *Gulino v. Board of Educ. of the City Sch. Dist. of New York,* 201 F.R.D. 326, 331 (S.D.N.Y.2001) (noting that "a class of only 40 members is presumptively sufficient to meet this prong of Rule 23(a)."); *Ansari v. New York Univ.,* 179 F.R.D. 112, 114 (S.D.N.Y. 1998) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."); *Davis v. Northside Realty Associates, Inc.,* 95 F.R.D. 39, 43 (N.D.Ga.1982) (noting that if class has more than 40 people in it then numerosity is satisfied; less than 25 people in it, numerosity is lacking; *Fifth Moorings Condominium, Inc. v. Shere,* 81 F.R.D. 712, 715 (S.D.Fla.1979) (observing that if class exceeds 40 people there is sufficient numerosity).

nebago divided the Plan's participants into three classes of participants. The Class A participants were senior Winnebago executives. The Class B participants were other key Winnebago management executives that would meet the criterion for participation in a Top Hat Plan. Class C participants were those individuals who, as of 1994, no longer met the criterion for participation in a Top Hat Plan.[5] In 1996, the Class C participants were permitted to join another plan, the "KEYSOP" plan, if they were willing to take money out of the Plan. Twenty-one of the twenty-seven Class C participants opted to withdraw from the Plan and become members of the KEYSOP plan.

■ Plaintiff Sanft cogently points out that each of the three groups identified by defendants share two common theories: (1) that Winnebago was not permitted to retroactively cut benefits under the Plan as it did; and, (2) that Winnebago deceived the participants in the Plan regarding the facts in order to convince the participants that Winnebago was legally permitted to cut benefits under the Plan.[6] Thus, because the claims of all three groups of class members arise from the same uniform set of actions allegedly undertaken by defendants, the court concludes that, for the purposes of determining whether the numerosity requirement has been met, the proposed class need not be broken down into subsets based on class membership. *See Reeb v. Ohio Dep't of Rehabilitation*, 203 F.R.D. 315, 321 n. 3 (S.D.Ohio 2001) (holding where all of the defendant's alleged discriminatory practices were based on the same theory of disparate treatment, "[t]he Defendant's attempt to defeat numerosity by claiming that the proposed class must be broken down into subsets of the various types of alleged disparate treatment must fail.").

The court notes that courts have certified even smaller classes than the 51 person class at issue here when the circumstances have deemed it appropriate. *See Arkansas Educ. Ass'n*, 446 F.2d at 765–766 (approving class of twenty members); *accord Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d at 275–276 (10th Cir.1977) (holding that class of 41–46 members was sufficiently numerous); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1030 (6th Cir.1977) (approving seven member class); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir.1974) (holding that class with thirty-five members sufficient); *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) (approving 51 member class); *Bublitz*, 202 F.R.D. at 256 (holding that class of seventeen was sufficient to meet numerosity requirement); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D.Ill.1996) (holding that proposed class of eighteen satisfied the numerosity requirement); *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D.Pa.1990) (noting that "[t]his Court may certify a class even if it is composed of as few as 14 members."); *see also Paxton*, 688 F.2d at 561 (the Eighth Circuit Court of Appeals cited with approval the decision in *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir.1967), certifying class of eighteen members); *Bruce v. Christian*, 113 F.R.D. 554, 557 (S.D.N.Y.1986) (numerosity found even though plaintiffs could identify only 16 class members in action brought by present and future tenants of housing authority where numerous individuals would be affected in the future); *Dale Elecs., Inc. v. R.C.L. Elecs., Inc.*, 53 F.R.D. 531 (D.N.H. 1971) (certifying class with thirteen members). *But see CL–Alexanders Laing & Cruickshank v. Goldfeld*, 127 F.R.D. 454, 455–57 (S.D.N.Y.1989) (refusing to certify class of twenty-five members because it was an insufficiently low number to demonstrate numerosity); *Hum v. Dericks*, 162 F.R.D. 628, 634 (D.Haw.1995) (declining to certify 200 member class). Thus, the court concludes that the size of the proposed class in this litigation does not preclude a finding that the numerosity requirement has been met in this case.

### b. Geographical dispersion

■ Defendants also argue that factors other than size of the class weigh against a

---

5. A Top Hat plan is "maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees..." 29 U.S.C. § 1081(a)(3).

6. Plaintiff Sanft concedes that the Class C participants who opted to withdraw from the Plan will be required to make an additional factual showing.

finding that the numerosity requirement has been satisfied here. Defendants point to the fact that most of the class members live in northern Iowa and argue that because the geographical dispersion of the class members is limited, this factor weighs against a finding of numerosity. Courts have held that the geographical dispersion of class members is among the factors which may be considered in determining numerosity. *See Celani,* 987 F.2d at 936; *Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir.1986); *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir.1981); *Cervantes v. Sugar Creek Packing Co.,* 210 F.R.D. 611, 620 (S.D.Ohio 2002); *Johnson v. United States,* 208 F.R.D. 148, 166 (W.D.Tex.2001); *In re Select Comfort Corp. Secs. Litig.,* 202 F.R.D. at 598; *Begley v. Academy Life Ins. Co.,* 200 F.R.D. 489, 494 (N.D.Ga.2001); *Rockey v. Courtesy Motors, Inc.,* 199 F.R.D. 578, 582 (W.D.Mich.2001); *Bywaters v. United States,* 196 F.R.D. 458, 465 (E.D.Tex.2000); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio,* 188 F.R.D. 433, 441 (W.D.Tex.1999); *Jackson v. Foley,* 156 F.R.D. 538, 542 (E.D.N.Y.1994); *Pigford v. Glickman,* 182 F.R.D. 341, 347 (D.D.C.1998); *Vargas v. Meese,* 119 F.R.D. 291, 293 (D.D.C. 1987).

■ The finding of geographic dispersion generally supports a finding of numerosity because such a finding supports the proposition that joinder is impracticable. *Ansari,* 179 F.R.D. at 115 (noting that "dispersion weighs in favor of finding that joinder is impracticable..."); *see also Israel v. Avis Rent–A–Car Sys., Inc.,* 185 F.R.D. 372, 377 (S.D.Fla.1999) ("Wide geographic dispersion of the potential class members supports a finding that joinder would be impracticable."), *rev'd on other grounds sub nom. Rut-*

*stein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228 (11th Cir.2000), *cert. denied sub nom. Zeirei Agudath Israel Bookstore v. Avis Rent–A–Car Sys., Inc.,* 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001). Here, where most of the potential class members live in northern Iowa, no finding of geographic dispersion can be made and therefore this factor does not weigh in favor of a finding that the numerosity requirement has been satisfied in this case.[7] *See Universal Calvary Church v. City of New York,* 177 F.R.D. 181, 183 (S.D.N.Y.1998) (concluding joinder would not be impracticable because putative class members lived in one of three counties).

### c. Identification of class members

■ Defendants also contend that because the identity and addresses of all class members is known, joinder is practicable. Thus, defendants argue that this factor also weighs against a finding that the numerosity requirement has been met in this case. Courts have considered the fact that the members of a prospective class are able to be identified when contemplating whether joinder is impracticable. *See Phillips v. Joint Legislative Committee on Performance and Expenditure Review of State of Miss.,* 637 F.2d 1014, 1022 (5th Cir.1981) (noting that joinder impracticable in part because neither party could identify class members), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982); *Primavera Familienstiftung v. Askin,* 178 F.R.D. 405, 410 (S.D.N.Y.1998) (noting that "[k]nowledge of names and existence of members ... renders joinder practicable."); *Moore v. Trippe,* 743 F.Supp. 201, 211 (S.D.N.Y.1990) ("[T]here appears to be little difficulty in joining all the

---

7. Plaintiff Sanft's reliance on the district court decision in *Bradford v. AGCO Corp.,* 187 F.R.D. 600 (W.D.Mo.1999) is misplaced. In *Bradford,* the court observed:

> Additionally, one of the factors this court is to consider is the inconvenience of separate trials. *Paxton,* 688 F.2d at 559. The numerosity requirement must be balanced against the possibility of between twenty to sixty-five separate trials. Defendant argues that since the entire class is located in Missouri, joinder of all plaintiffs would be more feasible. The fact that the plaintiffs are all located in the same state does not defeat certification. Having all

> the plaintiffs in close proximity makes the possibility of separate trials even more distasteful. If the same witness traveled to the same courthouse to testify about the same retirement benefits in multiple cases, then judicial resources would be wasted.

*Id.* at 604. It follows from this statement that the court in *Bradford* was not discussing the geographical dispersion factor, but instead was considering the issue of the inconvenience of separate trials. Indeed, the phrase "geographical dispersion" does not appear in the test of the *Bradford* decision.

members of the [class] in this one action ... all the members ... are clearly known ..."); *Block v. First Blood Assocs.*, 691 F.Supp. 685, 695 (S.D.N.Y.1988) (ruling that joinder was practicable where the plaintiffs knew the names and addresses of all 57 members of the proposed class); *see also Spectrum Fin. Cos. v. Marconsult, Inc.*, 608 F.2d 377, 382 (9th Cir.1979) (holding that the district court did not abuse its discretion in ruling that joinder of 92 class members was practicable where the plaintiffs were able to contact all members about joinder), *cert. denied*, 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D.Cal. 1994) (noting that where identities of class members were "unknown" and could not be "readily identified," joinder is impracticable.); *Strykers Bay Neighborhood Council, Inc. v. City of New York*, 695 F.Supp. 1531, 1538 (S.D.N.Y.1988) (denying certification as a class of thirty-two families living in a single neighborhood because joinder was not impracticable).

Thus, the fact that plaintiff Sanft can contact each class member makes joinder practicable here. *See Askin*, 178 F.R.D. at 410; *Moore*, 743 F.Supp. at 211; *Block*, 691 F.Supp. at 695. Therefore, this factor weighs decidedly against finding that the numerosity requirement has been satisfied in this case.

### d. *Financial resources of class members*

■ In determining whether the numerosity requirement has been satisfied, a court may also consider the financial resources of the potential class members with regard to their ability to institute individual lawsuits. *Robidoux*, 987 F.2d at 936 (holding that in determining whether joinder is impracticable, the court may consider "financial resources of class members" and "the ability of claimants to institute individual suits"); *Cervantes*, 210 F.R.D. at 620 (noting that factors which a court may consider include "the financial resources of class members."); *Pyke v. Cuomo*, 209 F.R.D. 33, 41 (N.D.N.Y.2002) ("The fact that many of these potential class members purportedly are of limited financial means also contributes to a finding of impracticability."); *Nicodemus v. Union Pac.*

*Corp.*, 204 F.R.D. 479, 489 (D.Wyo.2001) (noting that "the financial resources of the class members" and "the ability of claimants to institute individual suits" were among other factors for district court to consider in determining numerosity); *Mick v. Level Propane Gases, Inc.*, 203 F.R.D. 324, 331 (S.D.Ohio 2001) (noting that "the financial resources of the class members" was among factors which the court may consider in determining whether numerosity requirement had been met); *Karen L. v. Physicians Health Servs., Inc.*, 202 F.R.D. 94, 100 (D.Conn.2001) (concluding that "the limited financial and educational status" of the proposed class members attested to the impracticality of joinder); *Gulino*, 201 F.R.D. at 331 (considering the financial resources of class of teachers in determining whether numerosity requirement had been met); *Askin*, 178 F.R.D. at 411 (concluding that the financial resources of potential class members weighed against granting class certification); *Foley*, 156 F.R.D. at 542 (noting that "[i]t is likely that the majority of the class members are from extremely low income households, thereby greatly decreasing their ability to bring individual suits.").

Plaintiff Sanft argues here that the financial resources of the potential class members here supports a determination that the numerosity requirement has been met. Sanft compares the financial resources of the potential class members in this case to the teachers in *Gulino*. Plaintiff Sanft, however, has provided the court with no materials upon which to base that conclusion. The potential class members here are not public school teachers, but are, instead, all current and former executives at Winnebago Industries, Inc. The financial resources of the individuals in this group is not disclosed in the record before the court and the court is unwilling to make the assumption that this class of individuals lacks the financial resources to institute individual lawsuits. Therefore, the court cannot conclude that this factor supports a finding that the numerosity requirement has been satisfied in this case.

#### e. Class members' continued employment

██ Plaintiff Sanft further argues that the court should consider the fact that some potential class members are still employed at Winnebago in determining whether joinder is practicable. Sanft contends that because some class members are still employed by Winnebago, concern regarding employer retaliation or reprisal renders individual joinder less practicable. The court notes that this factor has been considered by some courts in assessing whether the numerosity requirement has been satisfied. *See Arkansas Educ. Ass'n,* 446 F.2d at 765 (noting that "those teachers who remain in the school system could have a natural fear or reluctance to bring this action on an individual basis..."); *see also Mullen v. Treasure Chest Casino, L.L.C.,* 186 F.3d 620, 625 (5th Cir.1999) (holding that it was within the district court's discretion to find that joinder of all 100 to 150 class members would be impracticable where potential class members still employed "might be unwilling to sue individually or join a suit for fear of retaliation at their jobs."), *cert. denied,* 528 U.S. 1159, 120 S.Ct. 1169, 145 L.Ed.2d 1078 (2000); *Scott v. Aetna Servs., Inc.,* 210 F.R.D. 261, 267 (D.Conn.2002) (considering evidence that potential class members feared reprisal in holding that numerosity requirement for class certification was satisfied); *O'Brien v. Encotech Const. Servs., Inc.,* 203 F.R.D. 346, 350 (N.D.Ill.2001) (finding in its determination of whether the numerosity requirement was met for the purposes of certifying a class that "a very important concern is the fear of retaliation for individual employees required to file individual claims..."); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 85 (S.D.N.Y.2001) (considering class members' fear of reprisals from employer in determining that numerosity requirement had been satisfied); *Adames v. Mitsubishi Bank, Ltd.,* 133 F.R.D. 82, 89 (E.D.N.Y.1989) (holding that the numerosity requirement was satisfied "[s]ince here a number of putative members are current employees, the concern for possible employer reprisal action exists and renders the alternative of individual joinder less than practicable."); *Slanina v. William Penn Parking Corp.,* 106 F.R.D. 419, 423 (W.D.Pa.1984)

(finding numerosity requirement satisfied where plaintiffs indicated fear of reprisal and retaliation from employer if they pursued individual actions or if joinder was required). However, the court concludes that, in this case, this factor will be accorded only nominal consideration for the following reasons. First, plaintiff Sanft has not indicated how many of the 51 possible class members are still employed by Winnebago. Thus, the court cannot accurately assess the likelihood this factor will come into play should the court not grant class certification here. Second, plaintiff has not come forward with any evidence which would support the proposition that those unidentified class members who are still employed by Winnebago are actually fearful of reprisal or retaliation from defendants should those individuals be forced to join this lawsuit. *See Scott,* 210 F.R.D. at 267 (plaintiffs provided evidence that potential class members failed to join FLSA class action because of fear of reprisal); *Slanina,* 106 F.R.D. at 423–24 (plaintiffs identified instances of harassment by employer in support of their assertion of fears of reprisal from defendants if forced to pursue case individually). Finally, the potential class members' positions as top hat executives at Winnebago does not support a reasonable inference that these executives fear reprisal from Winnebago if they pursue their claims individually. The proposed class members in this case are all executives who occupy the upper stratum of positions at Winnebago. As such, because they themselves occupy positions of authority within the company, they are quite unlike the plaintiffs in those cases where the courts have considered potential class members' concern regarding employer retaliation or reprisal in accessing whether the numerosity requirement has been met. *See Arkansas Educ. Ass'n,* 446 F.2d at 765 (public school teachers); *see also Mullen,* 186 F.3d at 625 (casino employees); *Scott,* 210 F.R.D. at 267 (engineers); *O'Brien,* 203 F.R.D. at 350 (construction company employees); *Ansoumana,* 201 F.R.D. at 85 ("unskilled workers" assigned by labor agents to supermarkets and drugstore chains); *Adames,* 133 F.R.D. at 89 (administrative assistants); *Slanina,* 106 F.R.D. at 423 (parking lot cashiers). Therefore, the court concludes that this factor only

nominally supports a finding that the numerosity requirement has been satisfied in this case.

### f. Judicial efficiency

 Plaintiff Sanft also asserts the court should consider the judicial efficiency in certifying a class here versus trying individual lawsuits. A relevant consideration in the determination of numerosity is the judicial economy arising from avoidance of multiplicity of actions. *See Paxton*, 688 F.2d at 559 (noting that "the inconvenience of trying individual suits" was among factors relevant to inquiry into the numerosity requirement); *see also Robidoux*, 987 F.2d at 936 (holding that "[r]elevant considerations include judicial economy arising from the avoidance of a multiplicity of actions..."); *Cervantes*, 210 F.R.D. at 620 (same); *Hernandez v. Medows*, 209 F.R.D. 665, 669 (S.D.Fla.2002) (same); *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 120 (S.D.N.Y.2001) (same); *Nicodemus*, 204 F.R.D. at 489 (same); *Mick*, 203 F.R.D. at 331 (same); *Reeb*, 203 F.R.D. at 321 (same); *O'Brien*, 203 F.R.D. at 350 (same); *Reese v. Arrow Fin. Servs., L.L.C.*, 202 F.R.D. 83, 90 (D.Conn.2001); *Weil v. Long Island Sav. Bank*, 200 F.R.D. 164, 168 (E.D.N.Y.2001) (same); *Jones v. Roy*, 202 F.R.D. 658, 665 (M.D.Ala.2001) (same); *Foley*, 156 F.R.D. at 542 (same). If class members were to file multiple claims in multiple fora, precious judicial resources would be wasted on essentially duplicative lawsuits, thereby resulting in judicial inefficiency. However, because the identities of all potential class members are known here and the vast majority of class members are located in this district, this inefficiency can be largely avoided here by joinder and intervention by those class members interested in joining this suit. *See Christiana Mortgage v. Delaware Mortgage Bankers Ass'n*, 136 F.R.D. 372, 378 (D.Del. 1991) (noting "that joinder and intervention may be far simpler procedures because it is likely that not all the proposed class members will seek to join the suit."). Therefore, the court concludes that this factor again only nominally weighs in favor of certifying the class.

 Upon considering the totality of the circumstances, the court finds that the proposed class fails to meet the numerosity requirement of Rule 23(a)(1). The proposed class members are geographically concentrated and can be individually identified. These facts weigh heavily against class certification since both increase the likelihood that joinder will be practicable. While the numerical size of the prospective class is sufficiently large to meet the numerosity requirement, the significance of the factor is greatly diminished by the fact that the identity of each member of the ·class is known. Thus, joinder of these individuals is not impracticable. Moreover, judicial economy is only nominally served here by permitting these putative class members to proceed together in one action. Furthermore, the fact that some class members are still employed by Winnebago and might be fearful of retaliation if they were required to file individual claims only nominally supports a finding that the numerosity requirement has been satisfied in this case. Under these circumstances, the court concludes that joinder is not impracticable and that plaintiff Sanft has failed to meet the numerosity requirement of Rule 23(a)(1). Because the court has concluded that plaintiff Sanft has failed to meet his burden of showing that joinder is impracticable, the court need not consider the parties' contentions regarding the other requirements of Rule 23.[8]

---

8. Although the court need not consider the requirement of Rule 23(a)(4), that the representative parties will fairly and adequately protect the interests of the class, the court notes that a delay in filing for class certification may constitute grounds for denying such a motion under Rule 23(a)(4). In this case, plaintiff Sanft did not file his motion for class certification until February 3, 2003, some eighteen months after he filed this lawsuit. Plaintiff Sanft does not explain the reason for the delay in his moving papers and the parties have not addressed the import of this delay in assessing whether Sanft is able to adequately protect the interests of class members. The court notes, however, that a delay in filing for class certification bears on the adequacy of representation. *See East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). To analyze the effect of such a delay on the adequacy of representation, the court must balance the prejudice resulting from this delay against counsels' ability, experience and qualifications to conduct this litigation. *See Welch v. Board of Directors of Wildwood Golf Club*, 146 F.R.D. 131, 137 (W.D.Pa.1993); *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 101 (S.D.N.Y.1981); *In re Folding Carton*

### III. CONCLUSION

The court concludes, upon considering the totality of the circumstances, that plaintiff Sanft has failed to demonstrate that the proposed class meets the numerosity requirement of Rule 23(a)(1). Plaintiff Sanft's Motion for Class Certification is therefore **denied.**[9]

**IT IS SO ORDERED.**

*Litig.*, 88 F.R.D. 211, 213 (N.D.Ill.1980); *Sanders v. Faraday Labs., Inc.*, 82 F.R.D. 99, 102 (E.D.N.Y.1979). The court, however, need not resolve the effect of plaintiff Sanft's delay in seeking class certification because the court has already concluded that Sanft has not satisfied the numerosity requirement.

9. Given the closeness of the question, the court would ordinarily have certified this order denying class certification for immediate appeal pursuant to 28 U.S.C. § 1292(b). However, such action is unnecessary here because Federal Rule of Civil Procedure 23(f) permits interlocutory appeals from orders granting or denying class certification if application is made within 10 days from the date of the order. *See In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir.2002); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 163 (3rd Cir.2001); *Richardson Elec., Ltd. v. Panache Broadcasting of Pa., Inc.*, 202 F.3d 957, 957 (7th Cir.2000); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832 (7th Cir.1999). The court encourages the plaintiffs to seek permission from the Eighth Circuit Court of Appeals to permit such an interlocutory appeal of this order.